UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA CAREY,<br><br>        Plaintiff,<br><br>    v.<br><br>MAURICIO TORRES,<br><br>        Defendant. | Case No. 24-cv-07354-TSH<br><br>**SECOND SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.   INTRODUCTION

On December 3, 2024, the Court granted Plaintiff Cecilia Carey's application to proceed in forma pauperis and screened the complaint, finding it deficient under 28 U.S.C. § 1915(e). ECF No. 5. Plaintiff has now filed an amended complaint. ECF No. 7. For the reasons stated below, the Court finds the amended complaint is still deficient. No later than January 17, 2025, Plaintiff must file a second amended complaint curing the deficiencies identified in this screening order. If Plaintiff fails to cure these deficiencies, the case will likely be reassigned to a district judge with a recommendation for dismissal.

## II.   BACKGROUND

### A.   Initial Complaint

Plaintiff filed her initial complaint on October 22, 2024, alleging claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses against Defendant Mauricio Torres and Does 1-50. Compl., ECF No. 1. Plaintiff alleged Torres purchased 3414 64th Avenue Place in Oakland, where she resides, in July 2023. Compl. at 1, 3. According to Plaintiff, the

1   building's tenants did not receive notice of any new lease terms or of a change in ownership. *Id.*

2   at 3, 5.  Plaintiff alleged Torres did not qualify as an "eligible bidder" or provide the California

3   Department of Justice with an affidavit as required by California Civil Code section 2924. *Id.*

4   Plaintiff also alleged the title or ownership of the building is subject to ongoing litigation. *Id.* at 4.

5          In October 2023, Torres began filing multiple unlawful detainer claims against the

6   building's tenants. *Id.* at 3.  In response, Plaintiff organized her fellow tenants to protect their

7   rights, sending communications to public agencies about Torres's attempts to evict them. *Id.* at 4.

8   In January, February, August and September 2024, Torres sent people to change the locks on

9   Plaintiff's doors without permission or notice. *Id.* at 3.  Plaintiff alleged Torres lacks "just cause"

10  or standing to evict and that Torres filed a false proof of service in Alameda County Superior

11  Court and fraudulent documentation with both the Alameda County Superior Court and Alameda

12  County Sheriff's Department to carry out illegal evictions. *Id.* at 3, 4.  Plaintiff alleged Torres

13  relied on false allegations to file a petition for a temporary civil harassment restraining order to

14  harass Plaintiff and to retaliate against Plaintiff for her tenant organizing efforts. *Id.* at 4, 6.

15  Plaintiff also alleged Torres has sent her "intimidating text messages" and that Torres's

16  representatives or associates have knocked on her door with threats of eviction. *Id.* at 3, 4.

17         Plaintiff alleged Torres demonstrated a pattern of predatory and retaliatory treatment by

18  targeting the tenants of her building for eviction without just cause. *Id.* at 6.  She alleged Torres

19  and Does 1-50 engaged in a concerted effort to file frivolous lawsuits to empty the building of its

20  existing tenants and profit from their displacement. *Id.* at 5.  Plaintiff also alleged Torres filed

21  baseless unlawful detainer complaints and false proofs of service and altered court documents to

22  prevent a fair legal process. *Id.* at 5.  Plaintiff alleged Torres "weaponized our judicial system and

23  took away access to [her] equal protection" by filing false proofs of service and altering court

24  documents. *Id.* at 6.

25         Plaintiff sought damages in the amount of $500,000, legal costs, and an order prohibiting

26  Torres "from further harassment and retaliatory conduct." *Id.* at 7.  Plaintiff also requested the

27  Court dismiss with prejudice the civil harassment restraining order and unlawful detainer

28  complaint. *Id.* at 7.

**B.     Screening Order**

In its screening order, the Court noted a threshold issue with Plaintiff's Fourteenth Amendment's Due Process and Equal Protection Clauses: she asserted these claims against private actors— i.e., persons who are not government or state actors.  Screening Order at 5, ECF No. 5.  The Court found that, although Plaintiff alleged Torres used arms of the government to harm her, the allegations in her complaint did not indicate that Torres's alleged conduct resulted from the State's exercise of coercive power or that the State encouraged Torres in his alleged conduct to the point that Torres's conduct could be attributed to the State.  As such, the Court found Torres's alleged conduct does not constitute "state action" for the purposes of the Fourteenth Amendment.

As to Plaintiff's request that the Court dismiss with prejudice Torres's civil harassment restraining order and unlawful detainer complaint, the Court found it does not have jurisdiction to consider any such claims.  *Id.* at 6 n.1 (citing *Petaluma Theatre Square, LLC v. Hirsch*, 2019 WL 1171162, at *1 (N.D. Cal. Feb. 25, 2019), *report and recommendation adopted*, 2019 WL 1168538 (N.D. Cal. Mar. 13, 2019)) ("Unlawful-detainer claims do not arise under federal law," and thus do not give rise to federal-question jurisdiction.)).

Apart from her Fourteenth Amendment claims, Plaintiff did not allege any other causes of action in her complaint.  To the extent she may or may not have viable state law claims, the Court noted she had not stated any viable federal claim that would give the Court jurisdiction over related state law claims.  *Id.* at 6.

**C.     Amended Complaint**

On December 6, 2024, Plaintiff filed an amended complaint.  ECF No. 7.  In addition to Mauricio Torres and Does 1-50, Plaintiff also names Community Loans & Investments as a defendant.  *Id.* at 2.  In the "Basis for Jurisdiction" section, Plaintiff again alleges Fourteenth Amendment violations, but also adds claims under Title VII, 42 U.S.C. §§ 3601 and 3602, and 18 U.S.C. §§ 242 and 1341.  *Id.* at 3.

Plaintiff alleges "Defendants" purchased 3414 64th Avenue Place in Oakland using California Code of Civil Procedure section 2924, but they "did not comply with the requirements of the statute, specifically by failing to be a qualified eligible bidder or prospective owner-

3

1   occupant." Am. Compl. at 5.  As in her initial complaint, Plaintiff alleges Defendants initiated a
2   series of unlawful detainer actions without just cause, locked tenants out of their units without
3   prior notice, relied on false allegations to file a petition for a temporary civil harassment
4   restraining order to harass Plaintiff and to retaliate against her for her tenant organizing efforts,
5   sent "intimidating text messages," and filed frivolous lawsuits to empty the building of its existing
6   tenants. *Id.* at 4-5.  Plaintiff also alleges Defendants have restricted access to the public storage
7   area designated for tenant use, leaving her without access to legal documentation and other
8   personal property. *Id.* at 5.  Plaintiff seeks $500,000 in damages, as well as 'an injunction from
9   the court to be allowed in the public tenant storage area to retrieve my personal property and legal
10  documents" and "an injction [sic] from the court to prevent the Defendants from filing frivolous
11  [sic] filings and a restraint against more physical harassment." *Id.* at 6.

### III.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.   Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted).  The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up).  However, the Court "may not supply essential elements of the claim that were not initially

4

1   pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

2        A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the
3   complaint to contain "a short and plain statement of the claim showing that the pleader is entitled
4   to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is
5   not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179
6   (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under
7   Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

**B.     Application**

     As with Plaintiff's initial complaint, the Court finds the amended complaint fails to provide any basis on which the Court would have jurisdiction over this matter.

     As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

     Here, there can be no diversity jurisdiction, as Plaintiff states that Torres, Community Loans & Investments, and Does 1-50 are all residents of California. Am. Compl. at 1-2. Accordingly, the Court must determine whether federal question jurisdiction exists.

     1.     **Fourteenth Amendment**

     First, as to Plaintiff's claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses, she once again asserts these claims against private actors— i.e., persons who

5

are not government or state actors. "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted); *see also* 42 U.S.C. § 1983. The presumption is that a private actor's conduct is not state action. *Florer v. Congregation Pidyon Shevuym, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). State action exists "only if[] there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotations omitted). Courts may find state action when the challenged activity "results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." *Id.* at 295 (cleaned up).

In her original complaint, Plaintiff alleged Torres used the Oakland Police Department and Alameda County Sheriff to harass and intimidate the building's tenants and that Torres "weaponized" the Alameda County Sheriff's office by completing and filing an altered Sheriff's Notice with the Alameda County Sheriff. Compl at 4, 6. Plaintiff also alleged Torres used "with malice" the Alameda County Superior Court and the Alameda County Sheriff by altering and filing false official documents to deprive Plaintiff of equal protection under the law. *Id.* at 6. She further alleged Torres "collu[ded] with official clerk staff[,]" depriving Plaintiff and her family of equal protection under the law. *Id.* The Court instructed Plaintiff that, although she alleged Torres used arms of the government to harm her, the alleged conduct did not constitute "state action" for the purposes of the Fourteenth Amendment because her allegations did not indicate that Torres's conduct resulted from the State's exercise of coercive power or that the State encouraged Torres in his alleged conduct to the point that Torres's conduct could be attributed to the State. Screening Order at 4.

Plaintiff's amended complaint fairs no better. Although she adds a mortgage lender as a defendant, she still fails to plausibly show how these private parties' actions could constitute state action. As such, the Court finds Plaintiff fails to state a claim for violation of the Fourteenth

1    Amendment. Plaintiff's Fourteenth Amendment claims must therefore be dismissed, and it cannot
2    be a basis for this Court's jurisdiction.

3          2.    **Title VII**

4    Plaintiff also alleges jurisdiction exists under Title VII, which forbids discrimination by
5    employers based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. §
6    2000e-2. However, "Title VII prohibits discrimination *by employers* but does not generally
7    impose liability for the conduct of non-employers." *Malloy v. Regents of Univ. of California*,
8    2020 WL 789821, at *6 (N.D. Cal. Feb. 18, 2020) (emphasis in original); *see also* 42 U.S.C. §
9    2000e-2(a) & (b) (defining "unlawful employment practices" by a plaintiff's employer or
10   employment agency). In both her original and amended complaints, Plaintiff does not allege that
11   she was employed by any of the defendants. As such, she cannot bring a Title VII claim against
12   them. *See, e.g., Taylor v. San Francisco Sheriff's Dep't*, 2024 WL 2808650, *7, *13–14 (N.D.
13   Cal. May 31, 2024) (dismissing Title VII claims against Superior Court and City and County of
14   San Francisco where plaintiff did not allege she was employed by either defendant); *Carr v.*
15   *United States*, 2020 WL 4584193, *2 (N.D. Cal. Aug. 10, 2020) (finding Title VII was
16   inapplicable to claim brought against IRS by plaintiff who was not an IRS employee).
17   Accordingly, Plaintiff's Title VII claim must also be dismissed.

18         3.    **42 U.S.C. §§ 3601-02**

19   Plaintiff also alleges jurisdiction exists under 42 U.S.C. §§ 3601 and 3602, part of the Fair
20   Housing Act ("FHA"), which was enacted "to provide, within constitutional limitations, for fair
21   housing throughout the United States." 42 U.S.C. § 3601. The Act makes it illegal to
22   discriminate on an impermissible ground in the sale or rental of housing, in residential real estate-
23   related transactions, or in the provision of brokerage services. 42 U.S.C. §§ 3604-06.

24   Plaintiff brings no specific factual allegations concerning discrimination in any areas under
25   the FHA; she merely lists § 3601, which sets forth the general policy of the FHA (declaring the
26   goal of eliminating housing discrimination) and § 3602, which provides definitions used in the
27   FHA. However, it is possible she can state a claim under the Act. A plaintiff may establish an
28   FHA discrimination claim if they can demonstrate disparate treatment or disparate impact. *Harris*

7

*v. Itzhaki*, 183 F.3d 1043, 1051–52 (9th Cir. 1999) (citing *Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997)). To bring a claim for disparate treatment or disparate impact, the plaintiff must establish a prima facie case by showing: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Id*. (citing *Lowe v. City of Monrovia*, 775 F.2d 998, 1006 (9th Cir. 1985)).

Section 3604(a) makes it unlawful to "make unavailable or deny a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). While "§ 3604(a) does not reach every event that might conceivably affect the availability of housing," it "is designed to ensure that no one is denied the right to live where they choose for discriminatory reasons." *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 192 (4th Cir. 1999). Thus, for example, a plaintiff may bring a claim under § 3604(a) by alleging a landlord's actions make apartments "*effectively* unavailable" through such actions as "concoct[ing] a scheme to force [them] to move out by refusing to cash [their] rent checks" and then bringing an unlawful detainer action under the pretext of nonpayment of rent. *See Hous. Rights Ctr. v. Sterling*, 404 F. Supp. 2d 1179, 1190 (C.D. Cal. 2004).

Section 3604(b) of the FHA makes it unlawful "[t]o discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin." To state a claim under § 3604(b), a plaintiff must show that he or she was subjected to different "terms, conditions, or privileges because of a protected status." *Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120, 1148 (C.D. Cal. 2001). The FHA thus not only demands that tenants be able to secure an apartment on a nondiscriminatory basis, but also "guarantees their right to equal treatment once they have become residents of that housing." *Id*. Thus, for example, a plaintiff may bring a claim under § 3604(b) if they allege they were subjected to less favorable "terms, conditions or privileges" with respect to an apartment or the eviction proceedings brought against them than other tenants based on a protected class. *Hous. Rights Ctr.*, 404 F. Supp. 2d at 1192.

Given Plaintiff's allegations, the Court finds it is possible for her to state a claim under the FHA. However, she has not alleged she is a member of a protected class under the FHA or that Defendants discriminated against her based on her protected status. *See Pardo-Pena v. Kaas Properties LLC*, 2024 WL 3298284, at *8 (C.D. Cal. Feb. 9, 2024) (finding plaintiff failed to adequately allege a plausible claim for relief because he did not allege any facts connecting eviction attempts to his protected status); *Egan v. Schmock*, 93 F. Supp. 2d 1090, 1093 n.1 (N.D. Cal. 2000) (to be discriminatory harassing conduct, it must be "motivated by an individual's race, color, religion, sex, familial status, national origin or handicap"); *Vickerman v. Ramon Mobile Home Park Inc.*, 2015 WL 13918532, at *11 (C.D. Cal. Aug. 14, 2015) (rejecting an FHA harassment claim regarding a general manager's alleged threat because the conduct was not "tie[d] ... to harassment [ ] based on his disability"). As Plaintiff may be able to allege such facts, leave to amend is appropriate.

4.  **18 U.S.C. §§ 242 and 1341**

Finally, Plaintiff alleges the Court has jurisdiction over her claims pursuant to 18 U.S.C. §§ 242 and 1341. However, these are criminal statutes, and it is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions, however, provide no basis for civil liability."); *Redmond v. United States*, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (A "private individuals lack standing to assert claims for relief based on criminal statutes.") (collecting cases). Thus, "[i]ndividuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu:Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). As such, Plaintiffs lack standing to bring the claims alleged in her complaint. *See Aldabe*

9

*v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private cause of action under 18 U.S.C. § 242); *Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) ("[Plaintiff] ha[s] no separate private right of action for mail fraud under 18 U.S.C. § 1341."). If Plaintiff believes the defendants engaged in criminal conduct, she must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

## IV.   CONCLUSION

For the reasons above, the Court finds Plaintiff's amended complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, her pro se status, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant another opportunity to amend. Accordingly, the Court **ORDERS** Plaintiff to file a second amended complaint by January 17, 2025.

**A.   Requirements for Amended Complaint**

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (24-cv-07354-TSH), the title ("SECOND AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**

> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.
>
> **Statement of Facts**
> Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.
>
> **Claims**
> Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.     Resources**

Plaintiff is again advised of the resources offered at the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: December 20, 2024

THOMAS S. HIXSON
United States Magistrate Judge